UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-677 CAS |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on plaintiff's pro se Motion for Contempt and for Sanctions Against CitiMortgage, Inc ("CitiMortgage"). For the following reasons, the motion will be denied.

Plaintiff brought this case against CitiMortgage alleging he was unlawfully discriminated against and not hired for six separate positions. On May 25, 2007, the Court granted defendant's motion to compel arbitration. As stated in that order, plaintiff's claims against CitiMortgage are subject to arbitration, and plaintiff cannot continue to litigate those claims in this Court.

On July 12, 2007, plaintiff filed the instant motion seeking an order of contempt against CitiMortgage for allegedly not answering plaintiff's complaint and sanctions against CitiMortgage for allegedly filing a false corporate disclosure statement. CitiMortgage responds that a defendant can file a motion to compel arbitration instead of filing an answer to the complaint. CitiMortgage also states that its corporate disclosure statement was accurate. It states that it did not include Citigroup Technology, Inc. on this disclosure statement because it is not a parent or subsidiary of CitiMortgage. CitiMortgage also seeks sanctions against plaintiff for filing what it considers a frivolous motion.

Although the issue of whether a motion to compel arbitration stays the time in which a defendant is required to answer a complaint is not expressly addressed in the case law cited by defendant, courts have allowed defendants to file such motions instead of answering a complaint. See, e.g., Faber v. Menard, Inc., 367 F.3d 1048, 1051 (8th Cir. 2004). In its motion to compel arbitration, CitiMortgage requested a stay of all proceedings until the motion was resolved. Plaintiff did not oppose this request. The Court finds that CitiMortgage's unopposed request to stay the proceedings pending the Court's ruling on the motion to compel arbitration effectively stayed the time in which CitiMortgage was to answer the complaint. Therefore, the Court will not order CitiMortgage in contempt for failure to file an answer while its motion to compel arbitration was pending.

The Court will also deny both parties' requests for sanctions. Plaintiff's statement that CitiMortgage's corporate disclosure statement was false is based on nothing more than his personal belief. CitiMortgage, through counsel, has represented to the Court that its corporate disclosure statement properly identified its parent and subsidiary corporations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Contempt and for Sanctions Against CitiMortgage, Inc. is **DENIED**. [Doc. 31]

　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2007.