UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-677 CAS |
| ) | |
| CITIMORTGAGE, INC. and ) | |
| CITIGROUP TECHNOLOGY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Citigroup Technology, Inc.'s ("CTI") Motion to Compel Arbitration. Plaintiff has filed an opposition to the motion and defendant has replied. For the following reasons, the Court will grant defendant's motion to compel arbitration.

**Background**.

Plaintiff alleges that on or about January 27, 2005, he applied but was not hired for seven separate positions at "City Group," 1000 Technology Drive, O'Fallon, Missouri. Plaintiff is a forty-year-old African American man, and he states that he was discriminated against on the basis of his age, race, and sex. He states that the applicants hired for the various positions were female, younger than forty, and not members of a minority race. Plaintiff seeks compensatory and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

Six of the seven jobs for which plaintiff applied were positions of employment with defendant CitiMortgage, Inc. ("CitiMortgage"). Nine months after he filed these applications, he was hired for a different position with CitiMortgage. As part of this employment, plaintiff acknowledged receiving

a copy of the U.S. Consumer Group Employee Handbook, and signed the receipt form, which stated that he would comply with all the policies and procedures of the company.

U.S. Consumer Group is a larger business group composed of various companies. See Affidavit of Jennifer Schwartz ("Schwartz Aff."), attached to defendant CitiMortgage's Memorandum in Support of Motion to Compel Arbitration (Doc. 14), ¶ 2; Declaration of Kenneth Cohen ("Cohen Dec."), attached to defendant CTI's Memorandum in Support of Motion to Compel Arbitration (Doc. 42), ¶¶ 2-3. CitiMortgage and CTI are affiliates of each other. They are two of the companies that comprise U.S. Consumer Group. The ultimate parent corporation of CitiMortgage and CTI is Citigroup Inc. See Cohen Dec. at 2-3.

The U.S. Consumer Group Employee Handbook contains an arbitration policy stating that arbitration is the "required and exclusive forum for the resolution of all employment disputes based on legally protected rights . . . that may arise between an employee or former employee and U.S. Consumer Group or its current and former parents, subsidiaries, and affiliates . . . including, without limitation, claims, demands, or actions under Title VII." See Schwartz Aff., Ex. B, Employee Handbook at 35. Because the Court found plaintiff's claims of employment discrimination arising out of his applications with CitiMortgage fell within the arbitration provision he later signed, the Court granted CitiMortgage's motion to compel arbitration. See Doc. 27.

The seventh job for which plaintiff applied and was not hired was with CTI. The Court instructed plaintiff to file an amended complaint naming CTI as a defendant if he wished to pursue his claim of employment discrimination against that entity. On September 6, 2007, plaintiff filed an amended complaint and served CTI. CTI seeks to compel arbitration, citing the same arbitration

provision contained in the U.S. Consumer Group Employee Handbook agreed to by plaintiff as a condition of his employment with CitiMortgage.

**Legal Standard**

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C.§§ 1-16 (1994), "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The FAA declares that written agreements to resolve disputes through arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1994). The effect of the FAA was to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). In Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001), the Supreme Court held that the FAA's provisions apply to arbitration agreements covering employment-related claims. Id. at 1311.

A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement. See Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). "The Supreme Court has made it clear that '[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Ackerberg v. Johnson, 892 F.2d 1328, 1332 (8th Cir. 1989) (quoting Moses H. Cone, 460 U.S. at 24-25). In determining whether to compel arbitration, a court "must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001); see also Faber v. Menard, Inc., 367 F.3d 1048, 1052

(8th Cir. 2004). Accordingly, the Court will review defendant's motion in light of "liberal federal policy favoring arbitration agreements." Gilmer, 500 U.S. at 25 (quoting Moses H. Cone, 460 U.S. at 24).

**Discussion**

The Court has already determined that the arbitration agreement is valid as between plaintiff and his former employer CitiMortgage. The Court has also determined that the arbitration agreement is governed by the FAA. See Doc. 27; see also Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 835-36 (8th Cir. 1997) (finding section one of the FAA does not exclude employment arbitration agreements from coverage under the FAA). The Court must now determine whether the agreement is valid between plaintiff and defendant CTI and, if so, whether the existing dispute falls under the coverage of the agreement. See Faber, 367 F.3d at 1052.

The arbitration policy in the U.S. Consumer Group Employee Handbook was issued to plaintiff when he began his employment with CitiMortgage. On September 19, 2005, plaintiff agreed to be bound by this arbitration policy by signing the receipt form. This form reminds the employee that he agrees to "submit employment-related disputes" to binding arbitration and references the pages in the handbook on which the arbitration policy is located.

> I understand that this *Handbook* contains a policy that requires me to submit employment-related disputes to binding arbitration (see page 35). I have read that policy carefully. I also understand that no provision in this *Handbook* or elsewhere is intended to constitute a waiver, nor be construed to constitute a waiver, of the Company's right to compel arbitration of employment-related disputes.

Schwartz Aff., Ex. A.

The arbitration policy provides for arbitration as the

4

> exclusive forum for the resolution of all employment disputes based on legally protected rights (i.e., statutory, contractual, or common-law rights) that may arise between an employee or former employee and U.S. Consumer Group or its current and former parents, subsidiaries, and affiliates and its and their current and former officers, directors, employees, and agents . . . including, without limitation, claims, demands, or actions under Title VII of the Civil Rights Act of 1964 . . . .

Schwartz Aff., Ex. B.

Based on the affidavit of Kenneth Cohen, the Assistant Secretary of CTI, CTI is a wholly-owned indirect subsidiaries of the ultimate parent corporation Citigroup Inc. CTI is one of the affiliate companies that comprise the U.S. Consumer Group of Citigroup Inc. See Cohen Aff. at ¶¶ 2-3. When he signed the form acknowledging that he received the U.S. Consumer Group Employee Handbook, plaintiff agreed to arbitrate any employment-related disputes between himself and U.S. Consumer Group and its affiliate companies. CTI is an affiliate company of U.S. Consumer Group. See id. In signing this form in consideration of his employment, plaintiff acknowledged the existence of the arbitration policy and agreed to comply with it. Continued employment is sufficient consideration to support the validity of the arbitration agreement. See Patterson, 113 F.3d at 835-36. In light of the liberal policy favoring arbitration agreements, the Court concludes that the arbitration agreement is valid between plaintiff and defendant CTI.

Additionally, plaintiff's claim that CTI unlawfully discriminated against him is covered by the U.S. Consumer Group arbitration policy. The policy covers "all employment disputes based on legally protected rights . . . including, without limitation, . . . actions under Title VII." In reviewing this language, the Court is guided by the principal that arbitration agreements are favored and are to be broadly construed with doubts resolved in favor of coverage. The Supreme Court has held that arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause

is not susceptible of interpretation that covers the asserted dispute." AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 650 (1986); see also Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001) (instructing courts to resolve "any doubts concerning the scope of arbitrable issues in favor of arbitration"). As discussed in the Court's order dated May 25, 2007 (Doc. 27), the fact that this dispute arose before plaintiff signed the arbitration agreement does not alter this conclusion. The language of the arbitration provision is broad enough to cover this dispute despite the fact that the dispute occurred prior to the execution of the agreement. See Doc. 25 at 6; see also Zink v. Merrill Lynch Pierce Fenner & Smith, Inc., 13 F.3d 330, 332 (10th Cir. 1993).

**Conclusion**

Based on the foregoing, the Court concludes that the arbitration agreement between plaintiff and U.S. Consumer Group is valid and that his claims of unlawful discrimination based on age, sex, and race in violation of Title VII fall within the scope of that agreement. Because all of the claims in this action against defendant CTI are subject to arbitration, defendant's motion to compel arbitration should be granted. This matter will be administratively closed pending completion of the arbitration proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Citigroup Technology Inc.'s motion to compel arbitration is **GRANTED**. [Doc. 41]

**IT IS FURTHER ORDERED** that this matter will be administratively **CLOSED** pending the completion of arbitration.

An appropriate order of administrative closure will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this <u>4th</u> day of January, 2008.