UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. CARLISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-677 CAS |
| | ) | |
| CITIMORTGAGE, INC. and | ) | |
| CITIGROUP TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This administratively closed matter is before the Court on defendants CitiMortgage, Inc. ("CitiMortgage") and Citigroup Technology, Inc.'s ("CTI") motion to reopen the case and confirm a September 12, 2008 arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, et seq. For the following reasons, the Court will grant defendants' motion and reopen the case and confirm the arbitration award.

Plaintiff George W. Carlisle, Jr. applied but was not hired for seven job postings in January 2005. Six of these positions were with defendant CitiMortgage and one was with defendant CTI. Plaintiff sued alleging employment discrimination based on his race, age, and gender. Defendant CitiMortgage filed a motion to compel arbitration, citing an arbitration agreement to which plaintiff had agreed to be bound when he was hired by CitiMortgage in September 2005. The Court granted the motion to compel arbitration, and ordered plaintiff to move to join defendant CTI if he wanted to bring his claim against that entity. On September 6, 2007, plaintiff amended his complaint to allege specific allegations against defendant CTI. CTI moved to compel arbitration, and the Court granted

the motion on January 4, 2008. The Court administratively closed the case pending resolution of the arbitration.

The parties submitted the case to the American Arbitration Association ("AAA"). On April 7, 2008, the AAA appointed Leland Shurin as arbitrator. Both parties participated in the arbitration hearing in St. Louis on July 30, 2008. On September 12, 2008, the arbitrator issued an order including written findings, and found that for each of his discrimination claims, plaintiff either failed to make a prima facie case of discrimination or failed to rebut defendants' legitimate non-discriminatory reasons for their failure to hire him. Mr. Shurin concluded that "all issues are found in favor of [defendants CitiMortgage and CTI]."

On October 14, 2008, defendants filed the instant motion, seeking to reopen the case and confirm the arbitration award. Plaintiff did not respond to the motion. "Absent a timely motion to vacate, in most cases the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 420 (8th Cir. 1993) (internal quotation marks and citation omitted). "Judicial review of an arbitration award is extremely limited. Beyond the grounds for vacation provided in the FAA, an award will only be set aside where 'it is completely irrational or evidences a manifest disregard for the law.'" Kiernan v. Piper Jaffray Cos., Inc., 137 F.3d 588, 594 (8th Cir. 1998) (quoting Lee v. Chica, 983 F.2d 883, 885 (8th Cir.), cert. denied, 510 U.S. 906 (1993)). There is no indication the instant award is either irrational or evidences a manifest disregard for the law.

Accordingly,

**IT IS HEREBY ORDERED** that defendants CitiMortgage, Inc. and Citigroup Technology, Inc.'s motion to reopen case and confirm arbitration award is **GRANTED**, and the September 12,

2008 arbitration award between George W. Carlisle, Jr. and CitiMortgage, Inc. and Citigroup Technology, Inc. is **confirmed** in all respects. [Doc. 59]

A separate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this\_\_\_\_10th\_\_\_\_ day of November, 2008.